UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Injah Tafari #89A4807,
                           Plaintiff,

**Hon. Hugh B. Scott**

01CV0841

v.

**Decision
&
Order**

Sheldon Stein, et al.
                           Defendants.

Before the Court is the plaintiff's motion for reconsideration (Docket No. 139 & 141) of the Court's Decision & Order granting summary judgment (Docket No. 135).[1]

## BACKGROUND

Plaintiff, Injah Tafari ("Plaintiff") commenced this action *pro se*, seeking relief under 42 U.S.C. § 1983 against defendants Greenhaven Correctional Facility ("Greenhaven") Dr. Norman H. Selwin, Dr. Harry Mamis; Lakeview Correctional Facility ("Lakeview") Dr. Jose Galindo , Dr. Jacob Piazza; Southport Correctional Facility ("Southport") Dr. John Alves; Clinton Correctional Facility ("Clinton") Dr. Kang Lee and Dr. I. Ellen; Attica Correctional Facility ("Attica") Dr. Sheldon Stein, Dr. Robert Takos and Dr. Stephen Laskowski; and New York State

---

[1] The parties have consented to proceed before the undersigned as Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Docket No. 43).

Department of Correctional Services ("DOCS") Medical Director Dr. Lester Wright and Commissioner Glenn S. Goord, are all sued in their personal and official capacity.² (Docket No. 1) The plaintiff claims that the defendants violated his Eight Amendment right to be free from cruel and unusual punishment by failing to provide adequate medical treatment for the pain caused by a broken surgical screw in his left shoulder. (<u>Compl.</u> ¶¶ 44, 45, 46.)³

The crux of the plaintiff's claim is that surgery to remove a broken screw from his shoulder caused him great pain and should have been surgically removed several years ago.

The Court had appointed Robert Schreck, Esq. to represent the plaintiff in the scheduled trial of this matter. Subsequent to that appointment, a motion for summary judgment was filed by the defendants. Although he was appointed to represent the plaintiff in the trial of this matter, in response to the motion for summary judgment, Mr. Schreck prepared and filed a memorandum of law (Docket No. 120), an affidavit (signed by Tafari) with voluminous exhibits (Docket No. 118), an affirmation signed by Dr. Jonathan Holder (Docket No. 119), and a statement of facts (Docket No. 121). The plaintiff advised the Court that he was not satisfied with these submissions and that he wished to supplement the response to the motion for summary judgment by making a submission of his own. Although the Court does not recognize hybrid representation, in this instance, the Court expressly allowed the plaintiff to file whatever

---

² Plaintiff initially moved for *in forma pauperis* status, which was granted. The Court, in granting that status, dismissed certain claims and defendants from the Complaint (Docket No. 6).

³ As a result of additional prior motions, the claims against certain individual physicians were dismissed based upon the plaintiff's failure to exhaust administrative remedies: other claims were dismissed based upon the Eleventh Amendment; and still other claims were denied as moot (Docket No. 77).

additional documents he wished. (Docket No. 128). The Order directed the plaintiff to list each document he wished to submit to ensure that all such documents were received by the Court and directed the Attorney General's office to facilitate the process by arranging for the documents to be forwarded to the Court by overnight mail. In response, the plaintiff directed that Mr. Schreck file some additional documents that were in Mr. Schreck's possession . Mr. Schreck did so. (Docket No. 130). In addition, the plaintiff filed other documents directly with the Court. (Docket No. 131).

On February 11, 2009, the Court granted summary judgment inasmuch as the plaintiff could not establish, as a matter of law, deliberate indifference on the part of any of the defendants. As noted in that decision, the record reflects that the plaintiff received appropriate care relating to his complaints of shoulder pain; and that, during the time period in question, the orthopedic specialists did not agree as to the need for surgery. (Docket No. 135).

The plaintiff seeks reconsideration of the grant of summary judgment. (Docket No. 139, 141). Rule 60(b) of the Federal Rules of Civil Procedure provides that a litigant may obtain relief from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the

3

"sound discretion of the district court and ... [is] generally granted only upon the showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990) (emphasis added), *aff'd*, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir.1995). A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case. Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc., 246 F.R.D. 151, 153 (W.D.N.Y.2007).

In support of the motion, the plaintiff has submitted another set of voluminous documents (Docket Nos. 151 - 162), which include copies of letters by Tafari to the Court and to Mr. Schreck, as well as copies of various orders issued by the Court (Docket No. 151, Exhibit A); documents relating to his original shoulder injury (which predates the claims in this action) (Docket No. 152, Exhibit B); and copies of sick call requests, and medical reports (many of which had been previously submitted) (Docket Nos. 153-162, Exhibits C through L).  Further, the plaintiff reiterates the arguments he presented in response to the motion for summary judgment, that he never refused surgery as reflected in the documentary evidence; and that he never refused to see an orthopedic specialist in relation to his left shoulder. (Docket No. 142). By way of affidavit, the plaintiff again re-asserts his previously stated arguments and contends that he advised the defendant physicians that he was "willing to have surgery" to remove the broken screw. (Docket No. 143 at ¶¶ 24, 33, 36, 44).  By letter dated March 24, 2009, the plaintiff advised the Court that he wished to submit a total of 522 exhibits in support of the motion for

4

summary judgment and that he had the remainder of "358 exhibits ready to be served upon the Court and the defendant." By letter dated April 26, 2009, Tafari asserts that "164 sick call slips[4] which he sent to be copied as exhibits as part of [his] pending motion for reconsideration" were missing.[5] The Court has determined that production of such additional documents would not be helpful to a determination of the plaintiff's motion for reconsideration.[6] It is uncertain as to whether these additional documents are duplicative of the sick call slips already produced in the record. However, the fact that the plaintiff had complained of shoulder pain on numerous occasions is already well documented in the record. In any event, the plaintiff has not demonstrated that these documents could not have previously been produced as part of the plaintiff's direct supplemental submission authorized by the Court's February 5, 2009 Order. Moreover, these additional sick call documents (which are similar to those already in the record), would not warrant reconsideration of the Court's February 11, 2009 Decision & Order granting summary judgment. The plaintiff's entire argument is premised upon the mistaken assertion that only one method of appropriate treatment existed relating to his complaints of shoulder pain. As discussed more fully in the February 11, 2009 Decision & Order, the undisputed medical records

---

[4] Sick call slips are generated by an inmate asking to be placed on the call out for medical treatment. The sick call slip may state a general complaint for which the inmate desires medical treatment. See Docket No. 155, Exhibit E. These documents correspond, generally, to the progress notes and other medical records attached as exhibits to the motion for summary judgment and the responding papers.

[5] In the April 26, 2009 letter, Tafari alleges conduct by individuals other than the defendants in this action. Such allegations are not properly included within the claims before the Court in this matter and will not be addressed herein.

[6] Thus, the May 12, 2009 conference to discuss issues relating to the production of those 164 sick call slips is cancelled.

reflect, as a matter of law, that although at least one orthopedic specialist opined that surgery would be appropriate, others specialists expressed an opinion, backed by clinical findings, stating that surgery was not required. Although the plaintiff now contends that he always desired to have the surgery performed, the documentary evidence does not necessarily support such a contention. Notwithstanding, even if the plaintiff did consistently express a desire to have the surgery performed, his disagreement with the physicians as to the appropriate treatment does not give rise to a §1983 claim for deliberate indifference. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir.1998); Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).

The plaintiff has failed to articulate a basis for relief under Rule 60. The plaintiff has not demonstrated the existence of mistake, inadvertence, surprise, or excusable neglect; or that material evidence has been newly discovered.[7] Instead, arguments and documents submitted by the plaintiff in connection with the instant motion are duplicative of the arguments and documents previously submitted by the plaintiff in response to the motion for summary judgment.

**Conclusion**

Based on the above, the plaintiff's motions for reconsideration (Docket No. 139 & 141) are denied. Further, the Court hereby certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal

---

[7] Similarly, the plaintiff has failed to demonstrate a basis to find fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; that the judgment is void; that the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief under Rule 60.

in this matter would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

      So Ordered.

                                                           /s/ Hugh B. Scott
                                             United States Magistrate Judge
                                             Western District of New York

Buffalo, New York
May 8, 2009