UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Injah Tafari  #89A4807,
                       Plaintiff,

**Hon. Hugh B. Scott**

01CV0841

                      v.

**Decision
&
Order**

Sheldon Stein, et al.
                       Defendants.

Before the Court is yet another motion for reconsideration filed by the plaintiff in this case (Docket No. 165 ).[1] The plaintiff, Injah Tafari ("Plaintiff") commenced this action *pro se*, seeking relief under 42 U.S.C. § 1983 against several doctors at five separate correctional facilities relating to the medical treatment he received for pain caused by a broken surgical screw in his left shoulder over the course of several years.[2] (Compl. ¶¶ 44, 45, 46.)[3] The crux of the plaintiff's claim is that a broken surgical screw in his shoulder caused him great pain and should

---

[1] The parties have consented to proceed before the undersigned as Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Docket No. 43).

[2] Plaintiff initially moved for *in forma pauperis* status, which was granted. The Court, in granting that status, dismissed certain claims and defendants from the Complaint (Docket No. 6).

[3] As a result of additional prior motions, the claims against certain individual physicians were dismissed based upon the plaintiff's failure to exhaust administrative remedies: other claims were dismissed based upon the Eleventh Amendment; and still other claims were denied as moot (Docket No. 77).

1

have been surgically removed several years ago. On February 11, 2009, after reviewing papers submitted on behalf of the plaintiff by assigned counsel, and additional papers submitted by the plaintiff *pro se*, the Court granted summary judgment inasmuch as the plaintiff could not establish, as a matter of law, deliberate indifference on the part of any of the defendants. As noted in that decision, the record reflects that the plaintiff received appropriate care relating to his complaints of shoulder pain; and that, during the time period in question, the orthopedic specialists did not agree as to the need for surgery. (Docket No. 135). Subsequently, on February 25, 2009, the plaintiff filed a motion for reconsideration and provided the Court with hundreds of additional documents (some duplicative of those already in the record). Further, the plaintiff stated that he wished to submit still other documents, but that these additional documents were confiscated by individuals at the correctional facility when they were sent by the plaintiff to be copied.[4] These documents purport to be "sick call request slips" he allegedly provided to the

---

[4] Documents attached to the most recent motion for consideration reflect that the plaintiff submitted these additional sick call slips to be copied on February 26, 2009 but that corrections officials determined that the documents were not copies of previously submitted "sick call slips" but documents drafted in original ink and back dated as if they were copies of documents previously submitted. See Misbehavior Report dated February 27, 2009 attached as exhibits to Docket No. 165). The medical records in this case, which remain undisputed, already contain numerous sick call slips and other documentation reflecting the plaintiff's complaints regarding his shoulder and the treatment he received based upon those complaints. Even if the additional, now missing, sick call slips demonstrated that the plaintiff had made more complaints about his shoulder than is currently reflected in the record, it would not warrant reconsideration of the grant of summary judgment. Again, the plaintiff has not established why these documents could not have been submitted when the plaintiff was permitted to provide the Court with additional documents while the motion for summary judgment was pending. The plaintiff's own papers reflect that he did not seek to have these documents copied until ***after*** the Court granted summary judgment on February 11, 2009. Thus, he has failed to meet his burden under either Rule 59 or Rule 60. Moreover, documentation of additional complaints of pain would not negate the fact that surgery is not the only way to treat complaints of pain; and that the undisputed medical record reflects a variety of opinions and clinical findings from treating specialists as to how to treat the plaintiff's shoulder condition. The fact that the plaintiff merely does not agree

correctional facilities requesting medical attention. On May 8, 2009, the Court denied the plaintiff's motion for reconsideration on the grounds that he failed to assert any basis for why he did not submit the documents when given the opportunity to do so prior to the grant of summary judgment; that the additional documents submitted with the motion for reconsideration did not warrant reconsideration of the Court's grant of summary judgment; and that based upon the record already before the Court, the additional, now purportedly missing, sick call slips would have been duplicative of the evidence already before the Court and would not have warranted reconsideration of the Court's granting of summary judgment in this case. (Docket No. 163).

By way of the instant motion, the plaintiff does not raise any new issue relating to the merits of his original claims in this matter. Instead, the plaintiff alleges conduct by individuals other than the defendants in this action. Such allegations are not properly included within the claims before the Court in this matter and will not be addressed herein. In any event, as noted above, the plaintiff has not met his burden for reconsideration under either Rule 60(b) or Rule 59 of the Federal Rules of Civil Procedure.[5]

---

with the treatment he received cannot serve as the basis for a deliberate indifference claim.

[5] Rule 60(b) provides that a litigant may obtain relief from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and ... [is] generally granted only upon the showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990) (emphasis added), *aff'd*, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words,

**Conclusion**

Based on the above, the plaintiff's motion for reconsideration (Docket No. 165) is denied.

Inasmuch as this is the *__third__* motion for reconsideration filed by the plaintiff relating to the granting of summary judgment in this case, **the Court directs that the Clerk of the Court refuse to accept any additional motions for reconsideration filed by the plaintiff in this matter.**

Further, the Court hereby certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal in this matter would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 3, 2009

---

that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir.1995). A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case. Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc., 246 F.R.D. 151, 153 (W.D.N.Y.2007).